UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. 07-60526-CIV-COHN/SELTZER

BELLA SUPPA, a single person,

    Plaintiff,

v.

COSTA CROCIERE, S.p.A.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Costa Crociere S.p.A.'s Motion to Dismiss [DE 19]. The Court has considered the Motion, Plaintiff's Response [DE 20], Defendant's Reply [DE 22], Plaintiff's Surreply [DE 26], Defendant's Notice of Filing Supplemental Authority [DE 36], and the various accompanying documents, and is otherwise fully advised in the premises.

In its Motion to Dismiss, Defendant Costa Crociere, S.p.A. ("Costa Crociere") argues that because the Amended Complaint naming the proper Defendant was not filed within the one-year contractual limitation, Plaintiff's suit is barred. Plaintiff Bella Suppa's original Complaint was filed on April 13, 2007, less than one year after her injuries occurred. However, in her original Complaint, Plaintiff named Costa Cruise Lines as the Defendant. Costa Cruise Lines is merely a sales and marketing company, and Costa Crociere is the entity that was actually responsible for the operation of the cruise ship at issue. When Plaintiff later determined that the proper defendant was Costa Crociere, S.p.A., she filed, with leave of Court, an Amended Complaint on June 15, 2007. According to Plaintiff, the Amended Complaint was served on Costa Crociere on August 13, 2007. According to

Defendant, service was received on August 14, 2007.

Plaintiff argues that her Amended Complaint relates back to the date of the original Complaint pursuant to Fed. R. Civ. P. 15(c), and thus is not time barred by the contractual limitations. There are four prerequisites to a 'relation back' amendment under rule 15(c):

(1) the basic claim arose out of the conduct, transaction, or occurrence set forth in the original pleading;

(2) the party to be brought in has received such notice that it will not be prejudiced in maintaining its defense;

(3) that party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the proscribed period for service of process–120 days after the filing of the original complaint.

Hill v. U.S. Postal Serv., 961 F.2d 153, 155 (11th Cir. 1992); Fed. R. Civ. P. 15(c).

Defendant does not dispute that the Amended Complaint contains the same basic claim as the original Complaint, so the first prerequisite is satisfied. Thus, the issue remaining for the Court's determination is whether the second and third prerequisites were satisfied within the 120-day period after the filing of the original complaint. The Court concurs in Plaintiff's calculations that put the expiration of the 120-day period at August 13, 2007. If, as Plaintiff asserts, service of the Amended Complaint on Defendant Costa Crociere was accomplished on August 13, 2007, these prerequisites would certainly be satisfied; the Court cannot conceive of better evidence of notice than actual service of the Amended Complaint.

However, even if, as Defendant asserts, service was completed on August 14, 2007, Defendant had already entered an appearance in this lawsuit and was on notice of its

particulars well within the 120-day period. The parties filed a Joint Motion to Continue on August 1, 2007. This motion was signed electronically by counsel from both McAlpin Conroy, P.A. (as counsel for Defendant Costa Crociere) and Goldberg & Rosen, P.A. (counsel for Plaintiff) and filed in the CM/ECF system by Erik San Julian of McAlpin Conroy, P.A. In light of the fact that Defendant Costa Crociere's counsel was filing motions in this action on its behalf well within 120 days of the filing of the original Complaint, the Court finds it simply inconceivable that Defendant Costa Crociere was not on notice of the facts that 1) an action had been instituted, and 2) but for the mistake in the original Complaint, Costa Crociere was the appropriate party to be named in the action. Accordingly, the Court finds that the requirements of Fed. R. Civ. P. 15(c) have been satisfied, and the Amended Complaint relates back to April 13, 2007. It is therefore

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 19] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Defendant Costa Crociere's Motion for Protective Order [DE 35] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 4th day of December, 2007.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record