

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60526-CIV-COHN/SELTZER

BELLA SUPPA,

    Plaintiff,

v.

COSTA CROCIERE S.p.A.,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL WITH PREJUDICE AND SANCTIONS

**THIS CAUSE** is before the Court upon Defendant Costa Crociere S.p.A.'s Motion for Dismissal With Prejudice and Sanctions for Plaintiff's Perpetration of a Fraud Upon the Court [DE 77]. The Court has considered the Motion, Plaintiff's Response [DE 98], Defendant's Reply [DE 101], and the record, and is otherwise fully advised in the premises.

In this Motion, Defendant requests that the Court dismiss the above-referenced action with prejudice and assess attorneys' fees and costs as sanctions for alleged misstatements and misrepresentations made by Plaintiff Bella Suppa during her deposition. At her deposition, Ms. Suppa stated that she had never had any previous problems with her shoulder and had never seen a doctor for any kind of joint issue before the accident. (Deposition of Bella Suppa, p. 57 [DE 78-2].) She also stated that she had never had any shoulder pain in the past, and had not taken any medication for joint pain before. (Deposition of Bella Suppa, p. 103-104 [DE 78-2].) Ms. Suppa was also asked whether she had ever been a patient of Dr. Burton Wollowick prior to the

accident, and she responded that she had not, explaining that she knew him only through her sister's previous employment with his office and her husband's treatment with him. (Deposition of Bella Suppa, p. 99-100 [DE 78-2].) These statements, however, are contradicted by medical records from Dr. Wollowick, which indicate that Ms. Suppa has been receiving treatment from him since at least October 1998 for a variety of complaints, including several visits for shoulder pain.

Trial courts have broad discretion to impose sanctions on litigants based on their behavior before the court. Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). Within this discretion is the power to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court. Id. However, because of the severity of this sanction, it should be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." Id. "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Ramey v. Haverty Furniture Companies, — So.2d —, 2008 WL 160970 (Fla. 2d DCA 2008).

Based upon a review of the evidence presented by the Defendant, the Court concludes that the sanction of dismissal is not warranted in this case. The instant case is similar to the situation in Ramey, where the plaintiff misstated his medical history and omitted from his testimony ailments he had suffered from over the course of eight years, resulting in the court's dismissal of his case. Id. at *3. However, in Ramey, the omitted medical history went directly to the heart of the plaintiff's case, because he was

claiming that Haverty's negligence was responsible for the same neck pain and headaches for which he had been treated for years prior to the accident. Id. Thus, in concealing this prior treatment, the plaintiff's misstatements had a direct bearing on his claim. Id. at *5. Similarly, in Morgan, dismissal was found to be warranted where the plaintiff denied ever having experienced neck or low back pain before the accident, but was found to have been treated by a chiropractor for precisely these complaints. Morgan, 816 So.2d at 252. There, the injuries asserted to have been caused by the auto accident were precisely the same as those ailments for which she had received previous treatment Id.

In contrast, Ms. Suppa's concealment of her prior treatment with Dr. Wollowick does not go to the heart of her case against Costa Crociere. When questioned about Ms. Suppa's prior treatment at his deposition, Dr. Wollowick stated that in his opinion, there was no relationship between her prior treatment for shoulder pain and the injuries she sustained in the accident. (Deposition of Dr. Wollowick, as quoted in Plaintiff's Response, p. 6 [DE 98].) He further clarified that her prior complaints related to "some bursitis or something of that nature before, but once you break your shoulder, it's a whole different thing." (Id.) He further stated "[s]he obviously didn't have that type of problem before." (Id.) Thus, unlike the plaintiffs' misstatements in Ramey and Morgan, Ms. Suppa's concealment of her prior medical treatment with Dr. Wollowick does not have such a direct effect on her claims in this case because she suffered a different type of injury in the accident aboard the cruise ship than she had sought treatment for in the past. In short, her misstatements or concealment of facts do not go to the heart of her case, but rather only to the measure of damages.

3

While it may be the case that Ms. Suppa intentionally attempted to conceal her prior treatment in an effort to make her damages appear more severe, this is a question of credibility that is best left to the jury's consideration. The Court concludes, therefore, that dismissal of the action is too severe a sanction to impose, given all the facts. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Dismissal With Prejudice and Sanctions for Plaintiff's Perpetration of a Fraud Upon the Court [DE 77] is **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of April, 2008.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record