UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60526-CIV-COHN/SELTZER

BELLA SUPPA,

    Plaintiff,

v.

COSTA CROCIERE, S.p.A.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant's Motion to Tax Costs [DE 201] ("Motion"). The Court has considered the Motion and supporting documents, Plaintiff's Response [DE 208] ("Response" or "Resp."), and Defendant's Reply [DE 209] ("Reply"), and is fully advised in the premises.

### I. BACKGROUND

Plaintiff Bella Suppa fell and was injured while disembarking from the Costa Magica cruise ship, owned by Costa Crociere, S.p.A. ("Costa"). Mrs. Suppa shattered her shoulder, requiring reconstructive surgery. Plaintiff alleged that Costa designed, constructed, and maintained a defective and unsafe ramp, and that Costa was negligent in the manner in which Costa had her disembark from the ship. Following a jury trial, held from May 27, 2008 through June 2, 2008, the jury found that there was no negligence on the part of the Defendant that was the legal cause of Plaintiff's injuries, and judgment was entered in favor of the Defendant on June 2, 2008. Plaintiff then filed a Motion for New Trial on June 11, 2008, with Supplemental Motions filed on

June 13, 2008 and August 22, 2008, all of which the Court denied on August 26, 2008.

Defendant now files the instant Motion seeking to tax costs in the amount of $6,632.72. Plaintiff challenges certain costs and argues that Defendant's award should be no more than $4,193.20.

## II. ANALYSIS

A court may only tax costs as authorized by statute. See Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). Defendant seeks costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Rule 54 states that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The particular items that may be taxed as costs are set forth in § 1920, which provides that a court may tax as costs the following list of items:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The presumption is in favor of awarding costs. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

### 1.   Trial Boards and Model

Plaintiff argues that costs for trial boards and a demonstrative model ramp are not allowable because they do not fit into the literal definition of exemplification provided

in § 1920(4). See Resp. at 3 (citing Kinzenbaw v. Case, 2006 U.S. App. LEXIS 10711, *10 (Fed. Cir. Apr. 26, 2006) ("a video exhibit or physical model may not qualify as an 'exemplification'")). Plaintiff argues that the trial boards and the model "are neither copies of paper nor exemplifications within the meaning of § 1920(4)." Kinzenbaw, 2006 U.S. App. LEXIS 10711 at *13.

With respect to the trial boards, Defendant asserts that the Eleventh Circuit has interpreted "'copies of paper' to mean reproductions involving paper in its various forms." Arcadian Fertilizer, L.P. v. MPW Indus. Servs., 249 F.3d 1293, 1296 (11th Cir. 2001). Defendant explains that the trial boards at issue contained multiple color photos of the accident scene, overall layouts of the decks of the boat and layouts of the interior of the vessel. See Reply at 2. In Arcadian, the Eleventh Circuit determined that "oversize documents and color photographs" were taxable under § 1920(4). Arcadian, 249 F.3d at 1296. Accordingly, the $1,059.30 cost of the trial boards will be included in Defendant's award.

Turning to the model ramp, Defendant argues that the model was "imperative to the jury's understanding of the placement, approximate size and design of the . . . ramp on which the accident occurred" and points out that Plaintiff's counsel also referred to the model on several occasions. Reply at 2. Nevertheless, the law in this Circuit is clear: "physical exhibits like models and charts simply may not be taxed as costs because there is no statutory authorization." Arcadian, 249 F.3d at 1297 (citing EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000)). Therefore, Defendants will not be awarded the $57.20 charge related to the model.

3

### 2. Deposition Transcripts

Next, Plaintiff argues that the stenographic transcription fees for two videotaped depositions are not permissible costs. Resp. at 2 n.3 (citing Jamison v. Cooper, 111 F.R.D. 350, 352 (N.D. Ga. 1986) ("a prevailing party who has noticed and videotaped a deposition may be allowed costs of videotaping, but will not be allowed the costs of stenographic transcription"). The Eleventh Circuit has held that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., 97 F.3d 460, 465 (11th Cir. 1996) (emphasis added). The Morrison court also notes that under the Federal Rules of Civil Procedure, a party who has noticed a videotaped deposition has an express obligation to provide opposing counsel with a transcript. Id. at 465 n.4. Therefore, because Plaintiff does not cite to any contemporaneous objections to the preparation of stenographic transcripts, the costs of such transcripts are taxable under § 1920(2).

The Court agrees with Plaintiff's separate objection to a compressed transcript fee of $50.00 because Defendant does not dispute this objection nor explain whether such cost was "necessarily obtained." Gilchrist v. Allstate Ins. Co., 2006 U.S. Dist. LEXIS 47308, *6 (N.D. Fla. July 12, 2006) (rejecting costs for condensed manuscripts) (citing Harkins v. Riverboat Services, Inc., 286 F. Supp. 2d 976, 980-981 (N.D. Ill. 2003)). Accordingly, Defendant's ultimate award will be reduced by $50.00

### 3. Courier and Postage Charges

Plaintiff challenges several charges related to courier fees and postage. Courts in the Eleventh Circuit have held that incidental costs of litigation, such as courier fees and postage, are not to be taxed, and will not be here. <u>See, e.g.</u>, <u>Gary Brown & Assocs. v. Ashdon, Inc.</u>, 268 Fed. Appx. 837, 846 (11th Cir. Fla. 2008); <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1399 (11th Cir. 1996); <u>Desisto College, Inc. v. Town of Howey-in-the-Hills</u>, 718 F. Supp. 906, 914 (M.D. Fla. 1989). The Court also finds that a late fee included in Defendant's Bill of Costs falls into this category of unallowable costs. Therefore, Defendant's award will be reduced by $173.06.

### 4. Interpreter's Expenses

Finally, Plaintiff claims that the travel and parking expenses of interpreter Tom Disalvo are not allowable under § 1920. Defendant argues that § 1920(6) provides that "compensation of interpreters" may be taxed as costs. The Court finds that the travel and parking expenses totaling $259.00 were included in the "compensation" of the interpreter and, therefore, such expenses will be included in the amount awarded to Defendants.

In sum, the Court concludes that Plaintiff raises valid objections with respect to $280.26 of the $6,632.72 requested by Defendant. After removing the costs deemed unallowable under 28 U.S.C. § 1920, the Court finds that Defendant is entitled to recover costs in the amount of $6,352.46.

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Tax Costs [DE 201] is **GRANTED in part and DENIED in part** as follows:

    (a) The Motion is **DENIED** as to certain costs in the amount of $280.26.

    (b) The Motion is **GRANTED** as to the remaining costs in the amount of $6,352.46.

2. The Court shall enter a Final Judgment taxing fees and costs by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 17TH day of October, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record